The opinion of the court was delivered by
Spencer, J.
Plaintiff sues Waggaman, late Civil Sheriff'of Orleans, and the sureties on his bond to recover $3535 45, alleged to have been received and collected by him, under sixty-one writs of provisional seizure, issued against various parties by the late Superior District Court, at the suit of the city, for unpaid licenses, $1500 of which sum it was consented he should hold until the termination of four of said suits, then to be paid to the party obtaining a judgment in his favor. It is alleged that said four suits were decided in favor of the city. It is shown that these allegations of plaintiff are substantially true.
*300 Waggaman pleaded a general denial. The sureties excepted that the petition disclosed no cause of action as to them; and reserving their exception answered in substance that they can in no event be held for more than the amounts for which they severally bound themselves on said bond ; that no execution can issue as to them until the property of their principal shall have been discussed ; and that in the event of judgment against said principal they will point out property of said principal and advance the costs of discussing it. Therefore they plead the benefit of division and discussion. In conclusion they plead a general denial of the liability of Waggaman or themselves.
There was j.udgment for plaintiff for §2172 75 — against Waggaman for the whole, and solidariiy with him against each surety, up to the amount for which each had bound himself, and to amount of judgment against those whose bond exceeded the judgment. The defendants appeal.
In this court for the first time, and in argument only, it is urged that in fifty-four of the sixty-one license suits aforesaid the Superior District Court was without jurisdiction ratione material, for the reason that they did not exceed in amount §100, exclusive of interest; and the act No. 47 of "1873, conferring jurisdiction of all tax suits on said court is attacked as violative of act 83 of the constitution.
If the suit before us were one of those tax suits, and the defendant were urging want of j urisdiction ratione material, we would be called upon to decide it; but the case before us is one to compel the sheriff and his sureties to pay over moneys received by virtue or at least under color of writs issued in those suits. The question of jurisdiction in the court issuing them is therefore a mere collateral point, and, if pleadable at all by the sheriff and his sureties (upon which we express no opinion), it could only be done as a special defense; and is not admissible under a general denial. If the sheriff were being sued for failure to execute the writs, we think that as cause therefor he might show that the court issuing them had no authority, but then only by a special plea.
It is further objected in argument that there is no law authorizing the issue of writs of provisional seizure for unpaid licenses. Section 20 of the city charter (see act No. 30 of extra session of 1870) expressly provides that remedy. It is said this section is unconstitutional, as no mention is made of licenses or license suits in the title of the act. The title of the act is : “ An act to extend the limits of the parish of Orleans, and to change the boundaries of the parishes of Orleans and Jefferson, and to consolidate the cities of New Orleans and Jefferson, and to provide for the government of the city of New Orleans and the administration of the affairs thereof, etc.” The act creates and grants *301 the city a new charter. The title, we think, sufficiently designates its purpose, and section 20 is germain thereto. See Southern Bank vs. New Orleans (not yet reported) and authorities there cited.
On the merits, the principal question is did the writs of provisional seizure authorize the sheriff to receive from the debtors against whose goods, chattels, and effects they were issued sums of money?
This writ issues on a money demand and “in order to secure its payment.” O. P. 284. It commands the sheriff to seize the property of defendant in order to secure plaintiff’s claim.
Where the defendant tenders to the officer executing the writ the full amount in money of that demand, in satisfaction of the same, the sheriff can not refuse to take it, and subject the debtor to the inconvenience, loss, and expenses of a seizure! The sheriff in such case would be a trespasser, if he persisted in seizing under such circumstances. '
But it is said that in these cases the writs did not specify the amounts due plaintiff. That omission does not change the nature of the writ. Again, the writ commanded the sheriff to seize the goods and personal effects of the defendant. If the sheriff could lawfully receive or take furniture and other chattels under it, why not money ? The money in these cases was delivered to the sheriff under the writ “in order to secure ” plaintiff’s demand. He had a right — it was his duty— as sheriff to receive it, and he and his sureties are bound therefor.
It is said that plaintiff’s petition alleges no breach of the bond. It alleges that Waggaman as sheriff received these sums, and that after repeated demands in writing he fails and neglects to pay. This was a breach of his bond.
We do not see that the fact of the city attorney giving the sheriff in these suits a discretion as to the cases in which he should seize in anywise affects the case. It was very proper, in order to save the city the costs of fruitless seizures. No more did the agreement between the city and the defendants in the four cases to leave the fund in the hands of the sheriff until final decision relieve the sheriff of his official responsibility. He was the proper custodian of the fund until legally withdrawn from him by bond of one or the other party or by decree of court. The parties agreed not to exercise this right of release.
The sureties of a public officer are by statute entitled to have the property of their principal discussed before execution issues against them. R. S. 2417.
The sureties in this case are not bound in solido, but are bound severally. The bond is for $50,000 ; but each surety does not bind himself for the whole, or for the same. sum. Some bind themselves for $2000, some for $3000, some for $5000. The aggregate of their several *302 obligations is $50,000. This is not technical solidarity. Sec. 2, R. 538. But the plaintiff is entitled to a judgment against each for the whole debt, up to the amount for which each is obligated in the bond. The judge a quo has substantially done this by condemning all those who are bound for as much as $2000 to pay in solido that sum ; and by condemning those who are bound for a sum greater than the judgment to pay in solido the excess of the judgment over $2000. It would perhaps have been theoretically more correct to condemn separately each of those whose obligation was less than the judgment to pay to the extent of his obligation, and each of those whose obligation exceeded the judgment to pay the whole judgment, with the stipulation that there should be but one satisfaction. We know no law that gives these sureties the right of division as against the creditor. What their rights are inter sese will have to be determined should one of them pay all or more than his share and call on the others for contribution.
The judgment below must be amended by adding thereto as follows : “ It is further decreed that no execution shall issue on this judgment against said sureties until the property of the principal, Eugene Waggaman, shall have been discussed;” and it is now ordered and decreed that the same be so amended, and that as thus amended said judgment is affirmed, appellee to pay costs of this appeal.
Rehearing refused.